## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**TENA Z. PAYNE and**
**EARTHBORN STUDIOS, INC.**                                                                **PLAINTIFFS**

**VS.**                                                           **CIVIL ACTION NO. 3:06cv726-DPJ-JCS**

**GAIL PITTMAN, INC.**                                                                      **DEFENDANT**

### ORDER

This cause is before the Court on the motion to dismiss of Defendant Gail Pittman, Inc. ("GPI"), which it filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant's motion is well-taken and Plaintiffs' Complaint should be dismissed without prejudice.

There is no dispute that Plaintiffs never requested the issuance of a summons and failed to serve GPI within 120 days of filing their Third Amended Complaint. Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision [m] does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiffs concede that they violated Rule 4(m), but argue that the Court should merely extend the time for service. Significantly, Plaintiffs offer no explanation for violating Rule 4(m) and present no "good cause for the failure." Instead, Plaintiffs argue that the Court can extend the deadline without a showing of good cause.

The Fifth Circuit examined this issue in *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996):

> Under rule 4(m), when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices: It may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m).  The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause.
>
> As a result of the rule change, when a district court entertains a motion to extend time for service, it must first determine whether good cause exists.  If good cause is present, the district court must extend time for service.  If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

In the present case, Plaintiffs made no attempt whatsoever to establish good cause. Accordingly, none has been shown, and the Court must decide whether to exercise its discretion to allow an extension.  Numerous Fifth Circuit decisions demonstrate that a district court acts within its discretion to dismiss a case without prejudice for failure to comply with Rule 4(m). This is particularly so when Plaintiffs sit on their hands and otherwise lack good cause for their failure.  *See Hamad v. Gov't of U.S.*, 236 F. App'x 97, 99 (5th Cir. 2007) (affirming dismissal of *pro se* plaintiff's suit for violation of Rule 4(m) where plaintiff offered "no justification for the untimeliness" and the record reflected no "attempt to pursue the suit"); *McCormick v. MGM Grand*, 157 F.3d 901 (5th Cir. 1998) (unpublished table decision) (affirming dismissal where plaintiff had notice of defect before the 120-day period expired); *McWherter v. Collins*, 71 F.3d 875 (5th Cir. 1995) (unpublished table decision) (same).

Plaintiffs offer no explanation for their delay, never had a summons issued, never attempted service, and never requested an extension.  Moreover, Plaintiffs, to the extent they did not realize that they had not perfected service, should have discovered this oversight on

September 21, 2007 when Defendants Gail Pittman and Thomas Maley moved for summary judgment.  Even if that did not provide notice, Defendants' Reply expressly raised the Rule 4(m) issue on November 5, 2007, approximately two weeks before the 120 days expired.  Even with this notice, Plaintiffs made no effort to serve GPI and made no request for an extension of time.[1]

WHEREFORE, PREMISES CONSIDERED, the Court finds that GPI's motion to dismiss should be granted and this case is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court finds that these facts are more than sufficient to grant GPI's motion, the Court notes that this is not the first time Plaintiffs failed to meet deadlines.  On October 26, 2007, this Court entered a show cause order due to three prior instances in which Plaintiffs violated the Uniform Local Rules, including the failure to meet applicable time limits.  Plaintiffs' counsel assured the Court that sanctions would not be necessary and pledged to fully comply with the rules of court.  The Court accepted counsel's promise and ordered that sanctions would be held in abeyance.  In light of this history, the Court would at least expect a motion for extension of time *before* the deadline passed, especially after Defendants tipped their hand and notified Plaintiffs that service had not been perfected.  The failure to ever attempt service or to seek an extension before GPI filed its motion to dismiss calls into doubt whether Plaintiffs actually intended to pursue their claims against GPI.  In any event, they have offered no explanation for this final rules violation.